AMBRO, Circuit Judge,
concurring.
I join Judge Roth’s excellent opinion in full, and write separately only to emphasize two unusual features of this case. First, Sabinsa offered no evidence of actual confusion, a factor that we have previously described as “highly probative” in this context. Checkpoint Sys. v. Check Point Software Techs., Inc., 269 F.3d 270, 291 (3d Cir.2001). This is especially concerning here, where Sabinsa could have easily conducted a survey of customers to assess actual confusion in the relevant market. Given this, we could reasonably infer that Sabinsa expected that any survey results would undermine its ease. Nonetheless, “[e]vidence of actual confusion is not required,” and Judge Roth’s Lapp analysis convinces me that, “while evidence of actual confusion would strengthen plaintiffs case, it is not essential.” Fisons Horticulture, Inc. v. Vigoro Indus., Inc., 30 F.3d 466, 476 (3d Cir.1994).
Second, the District Court concluded that the “consumers who purchase[d] these products [we]re sophisticated users in the business of marketing and/or manufacturing dietary supplements.” Indeed, the record suggests that the parties’ primary targets were the manufacturers of retail *191 items and not either retailers or retail consumers. Because manufacturing requires a base level of expertise and attention to ingredients, in the mine-run case such purchasers are expected to be sophisticated enough to distinguish between brands — even when the relevant brands have names as similar as “Forsthin” and “ForsLean.” As we have previously explained, “[w]hen consumers exercise heightened care in evaluating the relevant products before making purchasing decisions, courts have found there is not a strong likelihood of confusion.” Checkpoint, 269 F.3d at 284. Yet Judge Roth’s opinion again persuades me that other factors in the Lapp analysis, including mark strength and mark similarity, outweigh concerns about the sophistication and care of the target audience. Furthermore, there is evidence in the record that weakens the District Court’s analysis (or at least the weight it attributed to this factor), including evidence that manufacturers in this specific industry vary considerably in overall sophistication and care.